UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| FRANK J. ELDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00092-TLS-SLC |
| | ) | |
| CAPITAL ONE AUTO FINANCE, | ) | |
| *Part of Capital One Bank, Auto* | ) | |
| *Dealers, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a motion filed by pro se Plaintiff Frank J. Eldridge on May 26, 2017, requesting: (1) that his purported "power of attorney," Mohammad Naderi, be allowed to represent him in this action; and (2) that this case be transferred to a judge in the Lafayette or South Bend Divisions. (DE 52). In response, on May 31, 2017, Defendants Bob Rohrman, Dave Neiland, Rob Pargeon, Fort Rohr Motors Inc., and Capital One Auto Finance (together, "Defendants") moved to strike Eldridge's motion. (DE 53). On June 13, 2017, Eldridge filed a response to Defendants' motion to strike. (DE 56). The motions are now ripe for ruling.

As to the motion to strike, Defendants argue that Eldridge's motion should be stricken because Mr. Naderi, who is not a licensed attorney, cannot represent Eldridge in this action, and because the motion cites no valid basis for a change of venue or judge. Defendants' arguments, however, address the merits of Eldridge's arguments, rather than assert a basis upon which to strike the motion. "Motions to strike are generally disfavored and information will not be stricken unless it is evident that it has no bearing up on the subject matter of the litigation." *Van*

*Loo v. Braun*, 940 F. Supp. 1390, 1395 n.1 (E.D. Wis. 1996) (citation omitted).  Therefore, Defendants' motion to strike is DENIED.

Turning to Eldridge's motion, as the undersigned has already explained to Eldridge at the hearing on May 16, 2017 (DE 50), Mr. Naderi, who is not a licensed attorney, cannot represent him in this action, even if Mr. Naderi has been designated as his power of attorney.  "The Seventh Circuit has determined that '[a]bsent the imprimatur of meaningful attorney supervision, any legal advice or other legal service provided by a nonlawyer constitutes the unauthorized practice of law.'" *Holly v. Delaney*, No. 07-CV-583-JPG, 2007 WL 2904012, at *1 (S.D. Ill. Oct. 3, 2007) (alteration in original) (quoting *United States v. Johnson*, 327 F.3d 554, 560 (7th Cir. 2003)).  "Furthermore, it is well settled that a power of attorney does not authorize its recipient to practice law." *Id*. at *2 (collecting cases).  Therefore, Eldridge has two options:  (1) either proceed pro se, or (2) obtain licensed counsel.  Eldridge may <u>not</u> be represented by Mr. Naderi.

And to the extent that Eldridge is asking that the Court appoint counsel for him, civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel.  *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995).  Eldridge did not file an application to proceed *in forma pauperis* in this action; rather, he paid the $400 filing fee.  In fact, he represents in his motion that he is not indigent.  (DE 52 at 2).  However, "proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 is a prerequisite to appointment of counsel under 1915." *Hairston v. Blackburn*, No. 09-cv-598, 2010 WL 145793, at *10 (S.D. Ill. Jan. 12, 2010); *see Shoultz v. Ill. State Univ.*, No. 10-

cv-1046, 2010 WL 744576, at *1 (C.D. Ill. Feb. 26, 2010) ("The Court has determined that Plaintiff is not indigent, and thus declines to seek pro bono representation on his behalf." (collecting cases)). Therefore, to the extent Eldridge is requesting that the Court appoint counsel for him, his request is DENIED.

Finally, Eldridge's request to transfer this case to a judge in the Lafayette or South Bend Divisions also has no merit. The bases for Eldridge's request are: (1) that he does not like the undersigned's ruling that Mr. Naderi may not represent him in this matter, and (2) conclusory assertions of misconduct by judges in the Fort Wayne and Hammond Divisions. Of course, these reasons do not warrant a transfer of venue. *See, e.g.*, *Wilson v. Kautex, Inc.*, No. 1:07-CV-60-TS, 2008 WL 485583 (N.D. Ind. Feb. 15, 2008) (denying a pro so plaintiff's motion for change of venue based on conclusory allegations of judicial bias). Eldridge chose this venue when filing his action, and it appears that most of the witnesses are located in Fort Wane and that the transaction giving rise to this suit occurred in Fort Wayne. (DE 1; DE 57). As such, Eldridge's motion to transfer venue is DENIED. The action will remain in the Fort Wayne division.

In sum, for the foregoing reasons, Defendants' motion to strike (DE 53) and Eldridge's motion requesting that Mr. Naderi be allowed to represent him in this action and requesting a change of venue (DE 52) are both DENIED.

SO ORDERED.

Entered this 10th day of July 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge